IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. RICARDO DAVIDSON**

**Appeal from the Circuit Court for Maury County**
**No. 18968      Stella Hargrove, Judge**

---

**No. M2017-00598-CCA-R3-CD**

---

The Appellant, Ricardo Davidson, is appealing the trial court's denial of his motion to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Ricardo Davidson, *pro se*.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 2010, the Appellant was convicted of several drug-related offenses and he received an effective fifteen-year sentence. His convictions were affirmed on appeal. *State v. Ricardo Davidson*, No. M2010-02002-CCA-R3-CD, 2012 WL 1795147 (Tenn. Crim. App. May 17, 2012), *perm. to app. denied* (Tenn. Aug. 16, 2012). The Appellant was unsuccessful in his subsequent pursuit of post-conviction and habeas corpus relief. *Ricardo Davidson v. State*, No. M2013-01645-CCA-R3-PC, 2014 WL 3765710 (Tenn. Crim. App. July 31, 2014), *perm to app. denied* (Tenn. Nov. 20, 2014); *Ricardo Davidson v. Avril Chapman, Warden*, No. M2014-00565-CCA-R3-HC, 2014 WL 7011499 (Tenn. Crim. App., Dec. 12, 2014). In February 2017, the Appellant filed a motion to correct an alleged illegal sentence. *See* Tenn. R. Crim. P. 36.1. The trial court summarily denied the motion. The Appellant timely filed notice of appeal. Following the filing of the record on appeal and the Appellant's brief, the State filed a motion to

affirm the ruling of the trial court pursuant to Rule 20.  For the reasons stated below, said motion is hereby granted.

In the motion he filed in the trial court, the Appellant argued his fifteen-year sentence is illegal because the prosecutor failed to file notice of intent to seek enhanced punishment.  Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time.  *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015).  "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute."  Tenn. R. Crim. P. 36.1(a).  Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context."  *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015).  The court then reviewed the three categories of sentencing errors:  clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void).  *Id.*  Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence."  *Id.*  In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses."  *Id.*  The court held that only fatal errors render sentences illegal.  *Id.*  A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief.  Tenn. R. Crim. P. 36.1(b)(2).

The trial court did not err in summarily dismissing the Appellant's motion.  The State's failure to file a notice to seek enhanced punishment does not render an otherwise valid sentence authorized by statute illegal under the meaning of Rule 36.1.  *See, e.g., State v. Atlanta Pearl Hardy*, No. M2017-00537-CCA-R3-CD, 2017 WL 3492060 at *2 (Tenn. Crim. App. Aug. 15, 2017), *perm. to app. denied* (Tenn. Nov. 16, 2017) (issue regarding lack of notice of enhancement is appealable error that should have been raised on direct appeal).

The Appellant also raises two issues for the first time in his brief on appeal without any supporting argument:  whether he was properly arraigned and "[w]hether there was an issue for n [sic] trial if the appellant was not allowed to plea."  As the State aptly notes, issues raised for the first time on appeal are considered waived.  *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996).

The ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
THOMAS T. WOODALL, PRESISING JUDGE